J-A17044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 121 WDA 2025 |

Appeal from the PCRA Order Entered January 7, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002038-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 122 WDA 2025 |

Appeal from the PCRA Order Entered January 7, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002042-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 123 WDA 2025 |

Appeal from the PCRA Order Entered January 7, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002044-2011

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: AUGUST 28, 2025**

Appellant, Derrick Dewight Dawson, appeals in his three underlying cases from the post-conviction court's order denying, as untimely, his fourth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to his instant appeal. Procedurally, Appellant was charged in three separate cases, which were consolidated for trial, with several counts of possession with intent to deliver and criminal use of a communication facility. In April of 2012, a jury convicted him of those offenses. On July 13, 2012, the court sentenced Appellant to an aggregate term of 33 to 66 years' incarceration. On October 4, 2013, this Court affirmed his judgment of sentence, after which our Supreme Court denied his subsequent petition for permission to appeal on March 25, 2014. **See Commonwealth v. Dawson**, 87 A.3d 876 (Pa. Super. 2013), *appeal denied*, 87 A.3d 814 (Pa. 2014).

Over the next six years, Appellant litigated three unsuccessful PCRA petitions. On January 6, 2022, he filed a fourth *pro se* petition, which underlies his instant appeal. Counsel was appointed and filed an amended petition on Appellant's behalf. On July 30, 2024, the court "conducted oral argument and a status conference and allowed … thirty days for the filing of briefs" to address the timeliness of Appellant's petition. PCRA Court Opinion (PCO), 1/7/24, at 2 (unnumbered). On January 7, 2024, the court issued an order and accompanying opinion denying Appellant's petition as untimely.

Appellant filed timely notices of appeal in each of his three underlying cases. On February 24, 2025, this Court issued an order consolidating his appeals *sua sponte*. It does not appear that the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and on January 23, 2025, the court issued a Rule 1925(a) opinion indicating that it was relying on the rationale set forth in its January 7, 2024 opinion accompanying its order denying Appellant's petition. **See** PCRA Court Opinion, 1/23/25, at 1 (single page). Herein, Appellant states one issue for our review: "Whether the court below erred in dismissing the [PCRA p]etition in these cases." Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2014, and thus, his instant petition filed in 2022 is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). In this regard, Appellant argues that he meets the newly-discovered-fact exception of section 9545(b)(1)(ii). Our Supreme Court has explained that:

> Exception (b)(1)(ii) requires the petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. The focus of the exception is on the newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts.

- 4 -

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (cleaned up; emphasis in original).

In the present case, Appellant claims that he has satisfied the newly-discovered-fact exception based on his discovery, on September 6, 2021, that "both the trial judge and prosecutor on his case lacked the requisite degree of impartiality through their affiliation with [a] privately funded task force, Operation Our Town." Appellant's Brief at 16. Appellant explains that,

> Operation Our Town was created in Blair County in 2006 as a response to the increase in crime and drug use in the community. Concerned individuals formed the organization to provide the resources needed to "take back the neighborhoods[."] Local businesses and business leaders provide financial backing to the organization to support law enforcement, treatment, and prevention programs. Operation Our Town has a steering committee that oversees the general course of operations and ensures the priorities of the organization are best adhered to. Decisions on grants are made by the board members, with input from the steering committee.

*Id.* at 6-7 (citations omitted). According to Appellant, the judge presiding over his trial was "on the Operation Our Town Steering committee," and the prosecutor "was paid through Operation Our Town private funds" while he prosecuted Appellant's case. *Id.* at 18. Appellant insists that the prosecutor and trial judge "were so involved in Operation Our Town as to render their judicial and prosecutorial capacities prejudiced" in regard to prosecuting him, and overseeing his trial, on the drug offenses with which he was charged. *Id.* at 17.

Appellant claimed in his PCRA petition "that he did not know of the affiliations of the trial judge and prosecutor with Operation Our Town until September 6, 2021[,] when another inmate, Thomas Rhone, told [Appellant]" these facts. PCO at 5 (unnumbered). "Rhone [stated] that he found the information from newspapers and website posts." *Id.* at 5-6 (unnumbered). Appellant insists that he could not have discovered this information sooner with the exercise of due diligence because the Commonwealth failed to disclose it in violation of ***Brady v. Maryland***, 373 US 83 (1963), and Appellant "had no reason to suspect conflicts in this case." Appellant's Brief at 24. Appellant also argues that "[h]e did not have access to news reports" detailing the information provided to him by Rhone, and those public records cannot be presumed to have been 'knowable' to him because he was *pro se* at the time he discovered this new information. ***Id.***; ***see also id.*** at 18 ("As a *pro se* petitioner, under the holding of ***Burton***,[1] the articles cited by [Appellant] supporting his claim of bias cannot be presumed a public record."). Thus, Appellant concludes that he has satisfied the newly-discovered-fact exception to the PCRA's one-year time-bar.

Initially, we agree with Appellant that we cannot ***presume*** that he knew the information about the trial judge's and prosecutor's connection with

---

[1] The ***Burton*** Court held "that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." ***Burton***, 158 A.3d at 638 (emphasis in original).

- 6 -

Operation Our Town simply because the news articles detailing that information were matters of public record. As Appellant observes, the **Burton** Court eliminated the public-records presumption for *pro se* prisoners, and later, in **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020), the Court "disavow[ed] the public records presumption" entirely. **Id.** at 1286.

However, "[t]he **availability** of certain facts still plays into the due diligence analysis." **Id.** (emphasis added). In **Small**, the Court found it important that "[t]he content of the asserted public record" in that case "was **not** widely reported in a newspaper or available online—it was a paper transcript from 1993, which was locked away in court storage." **Id.** at 1284 (emphasis added). Consequently, the Court concluded that "the transcript was a matter of 'public record' only in the broadest sense." **Id.** (some quotation marks omitted).

In contrast, here, Appellant admits that the facts about the trial judge's and prosecutor's involvement with Operation Our Town were reported in public newspaper articles "written in 2014[,]" and Rhone, another inmate, was able to find them in newspapers and online. Appellant's Brief at 22; PCO at 5 (unnumbered). Moreover, the PCRA court also took "judicial notice of the fact that the contributions of Operation Our Town to the District Attorney's Office have been well known since at least January 4, 2015[,] whe[n] an entire article was published in the *Altoona Mirror* pertaining to that funding." PCO at 6 (unnumbered). According to the PCRA court, the judge who presided over Appellant's trial "was specifically mentioned in that article…." **Id.** The

court also observed, and we agree, that if Rhone had the ability to find the information he provided to Appellant, then certainly Appellant "had access to news accounts and websites[,]" as well. *Id.* This is especially true where Appellant was represented by counsel for both his first and second PCRA petitions that were filed in 2014 and 2015, *after* the news articles about Operation Our Town had been published. *See Commonwealth v. Dawson*, No. 1738 WDA 2019, unpublished memorandum at \*1 (Pa. Super. filed July 20, 2021) (detailing, in affirming the denial of Appellant's third PCRA petition, that Appellant filed his first, *counseled* PCRA petition on May 28, 2014; he then filed a second, *pro se* PCRA petition on July 14, 2015, and *counsel was appointed* to represent him during the litigation of that petition, which was denied on June 13, 2017).

Aside from making general statements like he "had no way to obtain the information o[n] which he is now relying[,]" Appellant's Brief at 23, and he "did not have access to the information[,]" *id.*, Appellant does not explain why he, or his counsel, could not have discovered, with the exercise of due diligence, the public news articles earlier than *seven years* after they were first written. Because Appellant has not demonstrated that he acted with due diligence, he cannot meet the newly-discovered-fact exception to the PCRA's one-year time-bar. *See Burton*, 158 A.3d at 629.

Order affirmed.

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>8/28/2025</u>